UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAY MAPLES and THERESA MAPLES, individually and as Guardians of NICHOLAS LEE MAPLES, an incapacitated person, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC; BROKEN ARROW MOTOR COMPANY; KEY SAFETY SYSTEMS, INC., <br><br> Defendants. | Case No. 15-CV-158-TCK-PJC |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 23).

**I.     Background**

Plaintiffs Jay Maples and Theresa Maples, individually and as guardians of Nicholas Lee Maples, an incapacitated person ("Plaintiffs"), filed suit in Tulsa County District Court on February 23, 2015. Plaintiff alleges that, on August 26, 2013, Nicholas Maples was severely injured during a car accident while he was driving a 2000 Jeep Wrangler ("Jeep"). Plaintiffs allege:

> Mr. Maples was partially ejected from his vehicle during a rollover when the structure of the vehicle deformed. The seatbelts and front driver seat failed to restrain and contain Mr. Maples in the vehicle, the deformation to the roll bar was extensive during rollover and the vehicle's structure was inherently unstable.

(Pet. ¶ 2.)

Plaintiffs assert four claims, all of which arise under Oklahoma law: (1) products liability/failure to warn; (2) breach of warranty; (3) negligence and wantonness; and (4) deceit. All

claims are asserted against the three named Defendants: (1) FCA US LLC ("FCA"); (2) Broken Arrow Motor Company ("BAMC"); and Key Safety Systems, Inc. ("KSS"). Plaintiffs allege that FCA is a foreign corporation doing business in Oklahoma; KSS is a foreign corporation with its principal place of business in Michigan; and BAMC is an Oklahoma corporation with its principal place of business in Oklahoma. The Petition does not specify the role each Defendant played in causing Plaintiffs' damages. Instead, the Petition states generally that FCA, KSS, and BAMC were "engaged in the business of designing, manufacturing, distributing, marketing and/or selling Jeep Wrangler vehicles and component parts throughout the United States . . . for use by the general public." (*See, e.g.*, Pet. ¶ 8.)

FCA filed a Notice of Removal ("Notice"), alleging that BAMC was fraudulently joined, BAMC's Oklahoma citizenship must be disregarded for purposes of federal subject matter jurisdiction, and the case (absent BAMC) satisfies the jurisdictional requirements of 28 U.S.C. § 1332. Plaintiffs filed the pending Motion to Remand, arguing that removal was improper for two reasons: (1) FCA failed to adequately allege its own citizenship in the Notice; and (2) BAMC was not fraudulently joined. In support of its response, FCA submitted the affidavits of Kelvin Dodson ("Dodson"), owner and President of BAMC, and Louann Van Der Wiele ("Van Der Wiele"), an in-house lawyer for FCA. Plaintiffs did not attach any counter evidence in their reply brief but instead stood on the allegations in their Petition and legal arguments.

## II. FCA's Citizenship

A limited liability company ("LLC"), as an unincorporated association, takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). An LLC's members "may include partnerships, corporations, and other entities that have

2

multiple citizenships," and "[a] federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006). Through Van Der Wiele's undisputed affidavit, Defendants have shown that (1) the sole member of FCA is FCA North America Holdings LLC; (2) the sole member of FCA North America Holdings LLC is Fiat Chrysler Automobiles, N.V.; and (3) Fiat Chrysler Automobiles, N.V. is a corporation organized under the laws of the Netherlands with its principal place of business in London, United Kingdom. Accordingly, Defendants have adequately proven that FCA is a citizen of the Netherlands and the United Kingdom. The Court rejects Plaintiffs' argument premised upon FCA's failure to adequately allege and/or prove its citizenship.

### III. Fraudulent Joinder of BAMS

#### A. Standard

In order to successfully assert fraudulent joinder, the removing party bears the "heavy burden" of showing either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). Hussey seeks to establish fraudulent joinder by the second method.

Under the second method, the removing defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Cuevas*, 648 F.3d at 249; *Monsanto v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000) (explaining that removing parties

typically must show that there is no possibility that the plaintiff would be able to establish a cause of action against the joined party). In determining whether there is any possibility of recovery, courts may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citations omitted). It is well-settled that "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988; *Monsanto*, 2000 WL 525592, at *1 (explaining that courts typically resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party).

Where the removing party's argument is premised on a factual issue, "the issue must be capable of summary determination and be proven with complete certainty," and courts may not "pre-try . . . doubtful issues of fact to determine removability." *Smoot*, 378 F.2d at 882.[1] This Court has previously held that, when faced with evidence establishing a jurisdictional fact, the plaintiff may not defeat federal jurisdiction by demonstrating that it conducted a pre-suit investigation and initially had a good-faith basis for including the non-diverse party. *See Wagoner v. Hussey Seating Co.*, No. 13-CV-352-TCK, 2013 WL 6048853, at *3 (N.D. Okla. Nov. 14, 2013). Instead, a plaintiff must produce *some* evidence showing there remains a possibility of recovery against the non-diverse

---

[1] This Court and other courts within the Tenth Circuit have sometimes referred to the fraudulent joinder standard as requiring "clear and convincing evidence." *See, e.g., Spence v. Flynt*, 647 F. Supp. 1266, 1271 (D. Wyo.1986) ("The removing party who claims fraudulent joinder has the burden of pleading such with particularity and supporting it with clear and convincing evidence; it must prove the non-liability of the defendant as a matter of fact or law."); *Castens v. Conseco Life Ins. Co.*, No. 11-CV-628-TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) ("With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support his claim with clear and convincing evidence."). The Court finds no signficant difference between the "complete certainty" language in *Smoot* and the "clear and convincing" language in other cases.

4

defendant. *See id.* However, "[t]he quantum of evidence is low, all disputes must be resolved in [p]laintiff's favor, and [the defendant] retains the heavy burden of proof." *Id.*

**B.     Analysis**

The Court must determine if Defendants have shown with complete certainty that Plaintiffs cannot recover against BAMC on at least one of their four claims - product liability, breach of warranty, negligence, or deceit. For reasons explained below, the Court concludes that there is a reasonable basis to predict that Plaintiffs might be able to recover against BAMC on their negligence claim. The Court therefore does not reach Plaintiffs' possibility of recovery on the other three claims.[2]

A new Oklahoma statute, which took effect November 1, 2014, sets forth when the seller of a product may be held liable for negligence:

> G. A product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:
> 1. The product seller sold the product involved in such action;
> 2. The product seller did not exercise reasonable care:
> a. in assembling, inspecting, or maintaining such product, or
> b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
> 3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

Okla. Stat. tit. 76, § 57.2(G).

Defendants contend Plaintiffs have no possibility of recovering for negligence under this statute in light of Dodson's testimony's that: (1) BAMC is a used car dealership that does not have

---

[2] The Court does not reach the issue raised by Plaintiffs regarding whether certain amendments to Oklahoma's product liability statutes, which took effect November 1, 2014, are unconstitutional "special laws." Instead, the Court grants Plaintiffs' motion to remand based on their possibility of recovery for negligence under the current statutory scheme.

its own service department or perform maintenance on the vehicles it acquires for sale; (2) during the two weeks BAMC had possession of the Jeep, it paid other businesses to conduct only routine maintenance such as changing the oil; and (3)"[w]ith the exception of warnings or instructions contained in, or affixed to, the subject vehicle at the time [BAMC] purchased it, [BAMC] did not receive any warnings or instructions from the manufacturer of the subject vehicle relating to any dangers or proper use of the subject vehicle." (Dodson Aff., Ex. 1 to Resp. to Mot. to Remand.)

In their reply, Plaintiffs essentially make two arguments regarding the negligence claim. First, related to possible negligence in BAMC's own handling of the vehicle, they contend that Dodson's affidavit simply raises factual issues that Plaintiffs should be entitled to explore during discovery and does not establish any facts with "complete certainty." Second, Plaintiffs rely upon one of Defendants' documents entitled "Buyers Guide," which states that the sale is "as is" but which also lists "some major defects that may occur in used motor vehicles." (BAMC.0012-0013, attached to Dodson Aff.) Plaintiffs argue that BAMC voluntarily undertook to warn Plaintiffs of major defects, and "it becomes a question of fact for a jury to determine whether [BAMC] did so in a reasonable manner." (Reply in Support of Mot. to Remand 3.)

Dodson's affidavit does not establish with "complete certainty" that BAMC cannot be held liable for any independent act of negligence in relation to sale of the Jeep. The Oklahoma statute permits recovery against sellers if the seller itself fails to exercise reasonable care, in addition to failures by the manufacturer. Importantly in this case, BAMC does not deny having ever exercised any control over the vehicle or selling the vehicle. *Cf. Legg*, 428 F.3d at 1323 (finding fraudulent joinder where undisputed evidence showed that non-diverse defendant "never promoted or sold the drug" in question); *Wagoner*, 2013 WL 6048853, at *3 (finding fraudulent joinder where undisputed

6

evidence showed that non-diverse defendant was not the seller and that another entity was actually the seller). Instead, Dodson's testimony and attached documents *confirm* that BAMC indeed sold the Jeep, took at least some steps to maintain the Jeep, and warned Plaintiffs regarding "major defects" that may occur in used vehicles. Rather than establish fraudulent joinder, Defendants' own evidence confirms that there is at least some possibility of recovery against BAMC under Oklahoma law. Plaintiffs need not come forward with any additional evidence countering Dodson's affidavit because such affidavit does not set forth facts proving a lack of negligence with complete certainty. It simply states what BAMC's position will be in the lawsuit - namely, that it did not negligently perform any independent actions that caused Plaintiffs harm. But whether or not Dodson was somehow independently negligent in relation to sale of the Jeep cannot, at this juncture, be "proven with complete certainty." *See Smoot*, 378 F.2d at 882.

In addition, this particular Oklahoma statute has yet to be interpreted by Oklahoma courts. It is inherently more difficult for a defendant to establish that a plaintiff has no possibility of recovery under a state law that has yet to be fleshed out by that state's courts. While not determinative, the newness of the statute cautions against a finding of fraudulent joinder in this case. *See generally Lazenby v. Exmark Mfg. Co., Inc.*, No. 3:12-CV-82-WKW, 2012 WL 3231331, at *3 (M.D. Ala. Aug. 6, 2012) (remanding case presenting similar facts against distributor of product accused of independent act of negligence, in part due to the "recent change" to Alabama's statute governing a seller's liability in a product liability action).[3] Therefore, the Court concludes that Plaintiffs have at least some possibility of recovery on their negligence claim against BAMC and

---

[3] The Alabama statute is not identical to the Oklahoma statute governing negligence of a seller or distributor. Nonetheless, the court's reasoning regarding the recent change in law is instructive.

7

that Defendants have failed to meet their heavy burden of establishing that BAMC was fraudulently joined.

**IV.  Conclusion**

Plaintiffs' Motion to Remand (Doc. 23) is GRANTED, and this matter is hereby remanded to the District Court for Tulsa County, Oklahoma.

SO ORDERED this 14th day of October, 2015.

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**